MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | of Massachusetts |
|---|---|---|
| Name *(under which you were convicted)*: Alex Fraga | | Docket or Case No.: 1:17-CR-10320-NMG |
| Place of Confinement: FCI Berlin | | Prisoner No.: 00475-138 |
| UNITED STATES OF AMERICA V. | | Movant *(include name under which convicted)* Alex Fraga |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court for the District of Massachusetts
    1 Courthouse Way
    Boston, MA 02210

    (b) Criminal docket or case number (if you know): 1:17-CR-10320-NMG

2. (a) Date of the judgment of conviction (if you know): 6/19/2019

    (b) Date of sentencing: 6/10/2019

3. Length of sentence: 131 months imprisonment; 5 years supervised release

4. Nature of crime (all counts):

    Conspiracy to Distribute and Possess With Intent to Distribute Heroin and 400 Grams or More of Fentanyl in violation of 21 U.S.C. §§ 841, 841(b)(1)(A)(vi), and 846.

5. (a) What was your plea? (Check one)
    (1) Not guilty ☐  (2) Guilty ☑  (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)  Jury ☐  Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?    Yes ☐    No ✓

9. If you did appeal, answer the following:
    (a) Name of court: _____
    (b) Docket or case number (if you know): _____
    (c) Result: _____
    (d) Date of result (if you know): _____
    (e) Citation to the case (if you know): _____
    (f) Grounds raised:




    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☐
        If "Yes," answer the following:
        (1) Docket or case number (if you know): _____
        (2) Result: _____

        (3) Date of result (if you know): _____
        (4) Citation to the case (if you know): _____
        (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐    No ✓

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐    No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court: _____
   (2) Docket of case number (if you know): _____
   (3) Date of filing (if you know): _____
   (4) Nature of the proceeding: _____
   (5) Grounds raised:

   _____

   (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
      Yes ☐    No ☐
   (7) Result: _____
   (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:    Yes ☐    No ☐
   (2) Second petition:   Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** See Attachment #1.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attachment #1.

(b) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☐
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☑
    (2) If you answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** See Attachment #1.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attachment #1.

(b) **Direct Appeal of Ground Two:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** See Attachment #1.

   (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attachment #1.

   (b) **Direct Appeal of Ground Three:**
      (1) If you appealed from the judgment of conviction, did you raise this issue?
         Yes ☐    No ☐
      (2) If you did not raise this issue in your direct appeal, explain why:

   (c) **Post-Conviction Proceedings:**
      (1) Did you raise this issue in any post-conviction motion, petition, or application?
         Yes ☐    No ☑
      (2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion, petition, or application?
         Yes ☐    No ☐
      (4) Did you appeal from the denial of your motion, petition, or application?
         Yes ☐    No ☐
      (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
         Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): 

Date of the court's decision: 

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** See Attachment #1.

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attachment #1

    (b) **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?

            Yes ☐      No ☐

        (2) If you did not raise this issue in your direct appeal, explain why:

    (c) **Post-Conviction Proceedings:**

        (1) Did you raise this issue in any post-conviction motion, petition, or application?

            Yes ☐      No ☑

        (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Pursuant to plea agreement, defendant waived any right to challenge conviction and sentence while reserving right to raise issues of ineffective assistance of counsel and prosecutorial misconduct. Ineffective assistance of counsel claims are not cognizable on direct appeal.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:
    Stephen Neyman, 50 Congress Street #525, Boston, MA 02109

    (b) At the arraignment and plea:
    Stephen Neyman, 50 Congress Street #525, Boston, MA 02109

    (c) At the trial:

    (d) At sentencing:
    Stephen Neyman, 50 Congress Street #525, Boston, MA 02109

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Motion is timely. Mr. Fraga's judgment of conviction entered on June 19, 2019 (Doc. 55) and conviction became "final" for purposes of 28 U.S.C. § 2255 (1) on July 3, 2019, fourteen days following entry of judgment. Fed.R.App.P. 4(b).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1)  the date on which the judgment of conviction became final;
  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Hold an evidentiary hearing, allow discovery on the issues raised herein, vacate plea and sentence,

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .
(month, date, year)

Executed (signed) on _____ 7/2/2020 _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.
Attorney for movant, Alex Fraga.

Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody
*United States v. Alex Fraga,* 1:17-CR-10320-NMG

# ATTACHMENT 1

**GROUND ONE:** Defendant's sentence was imposed in violation of his 6th Amendment right to the effective assistance of counsel where plea counsel failed to do independent investigation or request sufficient discovery to adequately advise the defendant to plead guilty.

    **(a) Supporting facts:** Mr. Fraga made the decision to plead guilty based on the advice of plea counsel. Plea counsel, however, did not make any reasonable investigation or have the information necessary to make a reasonable decision that a particular investigation was unnecessary before advising Mr. Fraga to plead guilty. See *Exhibit 1, ¶¶ 5-9* (affidavit of Attorney Stephen Neyman)**.** Thus, Mr. Fraga's plea was involuntary and uninformed. But for plea counsel's ineffective assistance, there is a reasonable probability Mr. Fraga would not have pled guilty or that the outcome of the plea process would have been different with competent advice. Where there was no investigation whatsoever and plea counsel did not subject the government's case to any meaningful adversarial testing, prejudice can be presumed.

**GROUND TWO:** Defendant's sentence was imposed in violation of his 6th Amendment right to the effective assistance of counsel where plea counsel failed to investigate the government's claim of two overdoses resulting in significant physical injury or research the proof of causation required to trigger the twenty (20) year minimum-mandatory when "death or serious bodily injury results from" the use of the distributed substance under 21 U.S.C. § 841(b)(1)(A) and, as a result, agreed to a four-level enhancement under U.S.S.G. § 5K2.2 as part of the plea agreement.

    **(a) Supporting facts:** Mr. Fraga made the decision to plead guilty based on the advice of plea counsel. Plea counsel did "some research" (*Exhibit 1, ¶9*) that focused on the "substantial risk of death" prong and discussed "the government's general burden of proof beyond a reasonable doubt on all elements of the charges in the indictment" but has "no specific recollection of discussing…the government's burden…as it particularly related to those overdoses." *Exhibit 1, ¶9*. Mr. Fraga was not provided incorrect advice; he was not provided any advice at all on the causation requirement. While the evidence against Mr. Fraga as to distribution was significant, the government did not have overwhelming evidence that the drugs distributed by Mr. Fraga were the "but-for" cause of either overdose. Because plea counsel did not research the causation requirement, did not have any discovery pertaining to the overdoses, and did not conduct any independent investigation, Mr. Fraga did not have the information necessary for a knowing and voluntary plea. But for plea counsel's ineffective assistance, there is a reasonable probability Mr. Fraga would not have pled guilty or that the outcome of the plea process would have been different with competent advice. Where there was no investigation whatsoever and plea counsel did not subject the government's case to any meaningful adversarial testing, prejudice can be presumed.

Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody
*United States v. Alex Fraga,* 1:17-CR-10320-NMG


**GROUND THREE:** Defendant's sentence was imposed in violation of his 6th Amendment right to the effective assistance of counsel where plea counsel failed to require the government to satisfy its burden of proving that the two non-fatal overdoses resulted in "significant physical injury" attributable to the defendant and resulting in a four-level enhancement pursuant to U.S.S.G. § 5K2.2.

- **(a) Supporting facts:** Plea counsel, without advising the defendant as to the government burdens and without any discovery as to the government's ability to prove substantial injury or causation, advised the defendant to agree to a four-level enhancement for the two non-fatal overdoses as part of the plea agreement. While the Court described Mr. Fraga's right to an indictment by a Grand Jury, the Court did not describe Mr. Fraga's right to put the government to its proof beyond a reasonable doubt on each element of the crime charged. But for plea counsel's ineffective assistance, there is a reasonable probability Mr. Fraga would not have pled guilty or that the outcome of the plea process would have been different with competent advice. Mr. Fraga was prejudiced because without the "significant physical injury" enhancement under USSG §5K2.2, Mr. Fraga's estimated guidelines range was 135-168 months imprisonment. With the enhancement, Mr. Fraga's estimated guidelines range was 210-262 months imprisonment. Alternatively, where plea counsel did not subject the government's case to any meaningful adversarial testing, prejudice can be presumed.


**GROUND FOUR:** Defendant's sentence was imposed in violation of his 6th Amendment right to the effective assistance of counsel where plea counsel failed to object or move for a departure in sentence based on the disparity in sentences of similarly situated but more culpable co-defendants Kevin Fraga and James Ramirez.

- **(a) Supporting facts:** Mr. Fraga, his brother Kevin Fraga, and James Rameriz all received plea agreements from the government dated October 6, 2017. Mr. Fraga signed his agreement October 18, 2017, Kevin Fraga signed his agreement October 16, 2017, and Rameriz signed his agreement October 24, 2017. It is undisputed that Kevin Fraga supplied Mr. Fraga with narcotics that Kevin Fraga obtained from Rameriz. (PSR, ¶¶88-97). While each of the defendants were similarly situated and each received a USSG §5K1.1 departure, the government did not seek an enhancement under USSG §5K2.2 for Kevin Fraga or James Rameriz. This caused a huge disparity in sentences among defendants and prejudiced Mr. Fraga. That is, Mr. Fraga received 131 months, Kevin Fraga received 45 months, and Rameriz received 66 months. While plea counsel anticipated the disparity, plea counsel failed to object or move for a departure in sentence. *Exhibit 1, ¶11.* But for plea counsel's ineffective assistance, there is a reasonable probability that the outcome of the plea process and sentencing would have been different.